## HILLEGASS *v.* HILLEGASS.

A wrong-doer cannot object that a deed was made by one executor to another, or that a public sale is not shown to have been made, where the will directs a public sale, the plaintiff being in possession under the deed.

Where a writ issued against a minor, with notice to his guardian, and the sheriff returned "served the defendants," a verdict and judgment is evidence against the minor.

Pleading to the action after defendant attains twenty-one, is a waiver of any defect in the service of the writ during his minority, and that fact becomes perfectly immaterial.

ERROR to the court of Common Pleas of Montgomery county. *March* 22.—The defendant in error brought an action on the case against William Hillegass for wrongfully building a dam on a

creek below the plaintiff's mill, and thereby flooding his mill-wheel, &c. The first exception was to the admission of the deed to the plaintiff, by the executors of F. Hillegass, dated upwards of fourteen years before the action. The ground of objection was that the grantee was one of the executors, and the will directed a *public* sale, of which there was no evidence. The defendant below was in no way connected with the trust, so far as appeared from the record. The second exception was to the admission of the record of a recovery for a similar erection, brought by plaintiff below against defendant below with others, with notice to D. P., guardian of William Hillegass: the sheriff's return was "served defendants." The objection was that there was no service on the defendant, who was a minor over fourteen years of age. The third exception is stated by Mr. Justice Coulter. The fourth was to the rejection of evidence that defendant was a minor at the service of the writ in this case, and had a guardian. Since his majority, however, he had pleaded to the action. The fifth was in rejecting a plea of infancy.

*Mulvany* and *Meredith*, for plaintiff in error.

The court refused to hear *Freedley*, contrà.

*March* 29. COULTER, J.—The first bill of exceptions, which is to the admission of the deed from Samuel Weaver and Philip Reed, executors of Frederick Hillegass, deceased, in evidence, on the ground "that it is a deed from trustees to a trustee, and that the will directs a public sale and it does not appear that a public sale was made," cannot be sustained. It is true that the decedent directed in his will that a public sale of his real estate should be made by his executors, and a deed made by them, or any two of them. But it was not necessary that the public sale should be recited in the deed. This is an action against a wrong-doer for the continuance of a nuisance, and might have been supported without an averment of title in the plaintiff. He had been in possession under the deed for fifteen years before the present suit was instituted. The will expressly authorizes any two of the executors to make a deed, and although the alienee is named as an executor, it does not appear from the case that he accepted the trust, or had any agency whatever in the sale, except as purchaser. It is not necessary to decide whether, under all circumstances and any state of facts that might exist, the deed would be good, as between the heirs of Frederick Hillegass, deceased, or not. It is quite sufficient to say that in the present action it

was competent evidence for the plaintiff under the circumstances, and was rightfully and lawfully admitted. The second bill of exceptions is to the admission in evidence of the record of a former suit between the same plaintiff and several persons, among whom was the defendant, for the erection or creation of the same nuisance, the continuance of which is the gravamen of this action, on the ground that there was no service of the writ on William Hillegass, the present defendant, who was then a minor, above the age of fourteen years.

This exception is of no greater avail than the first. William Hillegass was named as one of the defendants, with notice to his guardian, William Pennypacker, and the return of the sheriff is, "Served on defendants." We are at a loss, therefore, to perceive any grounds for the objection, even in point of fact. But admitting that the return of the sheriff ought to have been more special, it cannot be questioned as error in this collateral proceeding. There is judgment against the defendants, one of whom is William Hillegass; the sheriff's return is, "Served defendants," and we cannot presume, merely from the fact that his guardian was joined with him in the writ, that it was not served on him. The record of the suit was properly admitted in evidence.

The third bill is to the rejection of evidence offered by defendant: "that since the building of the dam, and before the former action, the plaintiff diverted another stream of water into Macoby creek, below his mill, and above the dam, the waters of which stream before that time emptied into Macoby creek below the dam and above the mill of defendant." There is considerable mist about the terms of this offer. But I presume it was intended that the stream originally flowed into Macoby creek, below the mill of the plaintiff, and that he diverted its course so as to make it flow into the creek above his dam; and this he had an indisputable right to do, if the operation was on his own land; and that it was not we cannot presume, and is not alleged in the offer. The evidence was properly rejected.

The defendant then offered the record of the Orphans' Court of Montgomery county in evidence, for the purpose of showing that Daniel Pennypacker was guardian of William Hillegass, (it having been previously shown by other evidence, that William Hillegass did not arrive at full age until 1844, this suit having been instituted in 1843,) which evidence the court rejected and sealed a bill of exceptions. The defendant then asked leave of the court to file an additional plea, to wit: "that at the time of the service of the

writ on William Hillegass, in the present action, he was a minor above the age of fourteen, and that his guardian resided in Montgomery county;" the court refused leave and sealed a bill of exceptions. At common law, in an action like the present, not being founded on contract, infancy was not a plea in bar, but might be pleaded in abatement; and in that event the *parol demurred* until the defendant became of age. In this case, however, there would have been no necessity for the *parol to demur*, because it appeared from other evidence given in the cause by the defendant, that he became of full age in 1844. And he did not appear and plead in the action until 1845, at which time he appeared by attorney and pleaded to the action, as per plea on record, which he had an indisputable right to do, being then *sui juris* his own master, and had a struck jury. This matter, however, is regulated by our own statute, which provides that in an action like the present, the writ shall issue against the infant, and if he is above the age of fourteen shall be served on him as in the case of adults. There is a provision, also, that where the defendant is a minor, the plaintiff shall, before he takes judgment by default or any rule in the action, if defendant has no guardian, apply to the court for the appointment of one *ad litem*. But in this cause, before any rule was taken in the action, the defendant had arrived at full age, and appeared, and the court could not have appointed a guardian for him, or decline to hear him and his cause. And after he had pleaded in chief to the action, when he was of full age, he was estopped from saying that his guardian ought to have been served with the writ as well as himself. The action was properly instituted, and the writ properly served on defendant; under the circumstances, the court could neither have delayed the suit nor abated it. These two being the last exceptions, and they being insufficient, the judgment is affirmed.

Judgment affirmed.